IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-85-BO

| | |
|---|---|
| LOGAN WILSON, et al., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KELLY J. THOMAS, in his official capacity as )<br>the Comissioner of Motor Vehicles, North Carolina )<br>Department of Transportation, Division of Motor )<br>Vehicles, and ANTHONY TATA, in his official )<br>capacity as the Secretary of Transportation, North )<br>Carolina Department of Transportation, )<br>)<br>Defendant. ) | **ORDER** |

This matter comes before the Court on plaintiffs' motion for temporary restraining order and preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiffs' motion for temporary restraining order is GRANTED.

## BACKGROUND

Plaintiffs bring this action under Title II of the Americans with Disabilities Act of 1990 ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act), and the North Carolina Constitution. The Court incorporates by reference the factual background laid out in its August 20, 2014, Order denying defendants' motion to dismiss. [DE 25]. In support of their motion for a temporary restraining order and preliminary injunction, plaintiffs allege the following facts:

On August 15, 2014, the DMV ordered plaintiff Natasha Wright to appear for a hearing to determine whether she is competent to operate a motor vehicle. The hearing is currently

scheduled for October 21, 2014, but plaintiff has not been provided with the requested notice or records. Ms. Wright's driver's license does not expire until 2016. In February 2014, the DMV required Ms. Wright to undergo a road test, which she successfully completed. In May 2014, Ms. Wright provided documentation from her neurologist that she is fully able to operate a motor vehicle.

On September 20, 2014, the DMV ordered plaintiff Pamela Dickens to obtain and provide the results of a medical evaluation by October 20, 2014, or her license will be cancelled. Ms. Dickens' driver's license does not expire until 2018. In January 2011 and June, 2012, Ms. Dickens provided the DMV with copies of medical evaluations from her physician indicating there was no need for continued medical review by the DMV because her condition was stable and non-degenerative. Ms. Dickens is unemployed and lacks the disposable income necessary to obtain a medical evaluation. She is unaware of any information suggesting her disability interferes with her ability to safely operate a motor vehicle.

## ANALYSIS

Whether considering a request for temporary restraining order or a motion for preliminary injunction, a movant must establish each of four elements before such relief may issue: 1) he is likely to succeed on the merits, 2) he is likely to suffer irreparable harm in the absence of preliminary relief, 3) the balance of equities tips in his favor, and 4) an injunction is in the public interest. *Winter v. Natural Res. Def. Counsel, Inc.*, 555 U.S. 7, 20 (2008). A temporary restraining order is a similar remedy to a preliminary injunction. The difference is that "a preliminary injunction preserves the status quo pending a final trial on the merits, [while] a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 147 F.3d 411,

422 (4th Cir. 1999). A temporary restraining order is an "emergency procedure and is appropriate only when the applicant is in need of immediate relief." 11A Charles Wright, Arthur Miller & Mary Kane, *Federal Practice and Procedure* § 2951 (2d ed.). The relative harms to plaintiff and defendant are the most important considerations in his analysis. *Direx Israel, Ltd. V. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991).As the balance of hardship calculated by reference to the first two factors "tips decidedly in favor of the plaintiff," *id.* (quoting *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted)), the less compelling need be the showing that there is a likelihood of success on the merits. Conversely, as the balance of hardships tips in favor of the defendant, the plaintiff is required to make a greater showing of success on the merits. *Direx Israel*, 952 F.2d at 813.

The balance of hardships in this case decidedly favors plaintiffs. Plaintiffs have shown they will suffer significant harm in the form of losing their drivers' licenses if the temporary restraining order is not granted. The harm is immediate, as the hearings in the plaintiffs' cases are scheduled for October 20 and 21, 2014, and would not be adequately compensated by money damages. Plaintiffs moreover allege violations of due process, a denial of a constitutional right, which would constitute an irreparable harm. *See, e.g, Dean v. Leake*, 550 F. Supp. 2d 594, 602 (E.D.N.C. 2008) (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). The likelihood of harm to defendants is comparably small. Preserving the status quo will not put defendants at risk for any harm, particularly given that both plaintiffs have provided medical documentation that they are currently capable of safely operating a motor vehicle. The balance of equities therefore tips heavily in plaintiffs' favor.

Moreover, the Fourth Circuit has observed that "upholding constitutional rights surely serves the public interest." *Giovani Carandola, Ltd. v. Basin*, 303 F.3d 507, 521 (4th Cir. 2002).

3

In this case, it seems more prudent to preserve the status quo rather than sanction procedures later determined to be unconstitutional or unlawful. The public interest therefore favors the granting of a temporary injunction. At this juncture, the Court is hesitant to estimate plaintiffs' precise likelihood of success on the merits, but given the strength of the balance of hardships and public interest analyses in plaintiffs' favor, a temporary injunction is appropriate.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' motion for a temporary restraining order is hereby GRANTED. Defendants, and all persons acting on their behalf or in concert with them, are hereby ORDERED to cancel any orders requiring plaintiff Natasha Wright to appear for a hearing regarding her competency to drive and requiring plaintiff Pamela Dickens to obtain and supply any medical certifications of her ability to drive. It is further ORDERED that plaintiffs shall post a bond with this Court in the amount of $100 as security for potential costs and damages.

A hearing on plaintiffs' motion for preliminary injunction shall be held on or before October 29, 2014.

SO ORDERED, this __15__ day of October, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE