IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION FILE NO. 5:14-CV-85

| | |
|---|---|
| LOGAN WILSON, KATHERINE MCCRORY, STEVEN CHAMBERS, PAMELA DICKENS, REBECCA KAY, NATASHA WRIGHT, and DISABILITY RIGHTS NORTH CAROLINA,<br><br>                Plaintiffs,<br><br>v.<br><br>KELLY J. THOMAS, in his official capacity as the Commissioner of Motor Vehicles, North Carolina Department of Transportation, Division of Motor Vehicles, and ANTHONY TATA, in his official capacity as the Secretary of Transportation, North Carolina Department of Transportation,<br><br>                Defendants. | **ORDER ON DEFENDANTS' MOTION TO SEAL DEFENDANTS' AMENDED ANSWER** |

This matter comes before this Court on Defendants' Motion to Seal Defendants' Amended Answer. [DE]. For the reasons stated herein, pursuant to this Court's authority under Local Rule 26.1(a) and Local Rule 79.2, Defendants' Motion to Seal is granted and such Amended Answer shall be held under seal of this Court.

## BACKGROUND

Plaintiffs filed a Verified Complaint on 18 February 2014. [DE 1]. Defendants moved to dismiss in lieu of answering on 3 April 2014, and Defendants' motion was denied following a hearing on 20 August 2014. [DE 17, 18, 25].

On 27 August 2014, Defendants filed Motion to Disclose and Protective Order along with

a Motion for Extension of Time to File Answer with this Court. [DE 26, 27]. With the Motion to Disclose and Protective Order, Defendants sought an order of this Court allowing Defendants to address confidential medical information raised by Plaintiffs in order to accurately address and defend against the action filed by Plaintiffs. Such order was required under North Carolina General Statutes for Defendants to address and defend facts raised by Plaintiffs. N.C. Gen. Stat. § 20-9(g). Defendants' Motion for Extension of Time was allowed in an order entered on 2 September 2014. [DE 30]. On 29 September 2014, Defendants' Motion to Disclose and Protective Order was submitted to this Court. On 30 September 2014, Defendants filed a Second Motion for Extension of Time to File Answer, based on the pending Motion to Disclose and Protective Order and such Motion was deferred to this Court. On 8 October 2014, within the confines of N.C. Gen. Stat. § 20-9, Defendants filed their Answer. [DE 33].

On 13 October 2014, Plaintiffs Dickens and Wright filed a "Motion for Temporary Restraining Order and Preliminary Injunction (Rule 65)" seeking to enjoin Defendants from enforcing a 20 October 2014 deadline for Plaintiff Dickens to submit critical medical information pertinent to her admitted medical condition(s), and the 21 October 2014 medical review hearing, scheduled at the request of Plaintiff Wright, requesting review of her drivers license restrictions. [DE 34-38]. In an *ex parte* Order, this Court allowed Plaintiffs Wright's and Dickens' request for a Temporary Restraining Order and ordered that the Preliminary Injunction matter be heard on 29 October 2014. [DE 39-40].

After hearing Plaintiffs Wright's and Dickens' Motion for Preliminary Injunction, this Court entered an order on 6 November 2014. [DE 49]. In this Order, this Court granted Defendants' otion for Protective Order and allowed Defendants to file an Amended Answer. This Court further ruled

that any party seeking to disclose confidential material shall file a Motion to Seal.

On 17 November 2014, Defendants filed Amended Answer, Motion to Seal, and Memorandum in Support of Motion to Seal. [DE ___]. Defendants' Amended Answer admits, denies and/or contains confidential medical information of the individually named Plaintiffs. Pursuant to this Court's 6 November 2014 Order, Local Rule 26.1, Local Rule 79.2, and N.C. Gen. Stat. § 20-9, Defendants now seek to have this Court hold Defendants' Amended Answer under seal.

## DISCUSSION

A party may file a Motion to Seal with this Court pursuant to the requirements of Local Rule 26.1(a) and Local Rule 79.2. Under Local 79.2, a party seeking to have a document under seal must comply with Section T of the CM/ECF. In relevant part, Section T delineates that:

the filing party must submit a supporting memorandum that specifies:

- (I) the exact document or item, or portions thereof, for which filing under seal is requested;
- (ii) how such request to seal overcomes the common law or the First Amendment presumption to access;
- (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;
- (iv) the reasons why alternatives to sealing are inadequate; and
- (v) whether there is consent to the motion.

Section T(1)(a), CM/ECF Policy Manual, available at http://www.nced.uscourts.gov/cmecf/default.aspx

Defendants move to seal its Amended Answer wherein admissions and/or allegations contained in such filing are covered under the statutory confidential requirements of N.C. Gen. Stat. § 20-9. Specifically, in the Complaint, Plaintiffs assert that they may be disabled by certain medical

-3-

conditions and that Defendants have conducted medical review of their ability to safely operate a motor vehicle based on their alleged medical condition. In responding to the allegations of Plaintiffs, Defendants may or may not possess documentation that supports or negates the allegations of Plaintiffs that they may have a medical condition. Furthermore, Defendants may or may not have information concerning Defendants' determinations of Plaintiffs' ability to safely operate a motor vehicle based on an alleged medical condition. In order for Defendants to accurately Answer the Complaint, Defendants are entitled to address each fact raised by Plaintiffs concerning Plaintiffs' asserted medical conditions and Defendant's alleged acts following such asserted medical conditions. At this time, all documentation concerning Plaintiffs' alleged medical conditions are not public record and may not released but by order of the Court. This Court has allowed such release; however, Defendants now seek to release any confidential medical information under seal. [DE 49].

Upon balancing the requirements of public access and protecting an individual's medical records, the Court would first note that North Carolina General Statutes specifically delineate that such documentation is not a public record. N.C. Gen. Stat. § 20-9(g)(4)(h). Because the documentation is currently not public record, the scale currently weighs towards allowing Defendants' Motion to Seal and keep such information confidential. See generally, Silicon Knights, Inc. v. Epic Games, Inc., 2008 U.S. Dist. LEXIS 118905 (E.D.N.C. May 8, 2008) (balancing of interests). More importantly, the Court specifically points out that the information sought to be protected is the confidential medical information of the Plaintiffs that may or may not be held by Defendants. While the public may in some cases have the right to access court documents, either under the common law and/or the First Amendment to the United States Constitution, that right is not absolute. See generally, Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 575

-4-

(4th Cir. 2004), cert. denied, 544 U.S. 949, 125 S. Ct. 1706, 161 L. Ed. 2d 526 (2005). Upon balancing the interests of the privacy of medical information and our General Statutes, Defendants have the right to defend themselves in this case, and at the same time, protect the privacy rights of the individuals. Here, the burden to access has been overcome by Defendants.

Upon further review of Defendants' Motion, the Court, at this time, has not been presented any legitimate public need for access to Defendants' responses to Plaintiffs' Complaint. If a public need for access were presented, the public is provided access to the previously filed Answer of Defendants, which does not contain the confidential medical information. [DE 33]. With the availability of the previously filed Answer, the public is not denied access to the all pleadings and a justifiable alternative has been implemented. Lastly, Plaintiffs have consented to Defendants' Motion to Seal the Defendants' Amended Answer.

BASED UPON the foregoing, it is therefore ORDERED that pursuant to this Court's 6 November 2014 granting Defendants' Protective Order, Defendants Amended Answer shall be filed under SEAL of this Court.

This the 24 day of November, 2014.

Terrence W. Boyle
U.S. District Court Judge