IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-85-BO

| | |
|---|---|
| LOGAN WILSON, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| KELLY J. THOMAS, in his official capacity as ) | |
| the Comissioner of Motor Vehicles, North Carolina ) | |
| Department of Transportation, Division of Motor ) | |
| Vehicles, and ANTHONY TATA, in his official ) | |
| capacity as the Secretary of Transportation, North ) | |
| Carolina Department of Transportation, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on plaintiff's motion for preliminary injunction [DE 34] and defendants' motion to seal their amended memorandum in opposition [DE 56]. A hearing was held before the undersigned in Raleigh, North Carolina, on October 27, 2014, after which the Court ordered the parties to further brief the motion for preliminary injunction. [DE 49]. The parties have submitted their supplemental briefs and the matter is now ripe for ruling. For the reasons stated herein, both plaintiff's motion for preliminary injunction and defendant's motion to seal are GRANTED.

BACKGROUND

This action is brought by six individually named plaintiffs and an organization, Disability Rights North Carolina ("Disability Rights") and alleges claims under Title II of the Americans with Disabilities Act of 1990 ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), and the North Carolina Constitution. Disability Rights is a North Carolina

non-profit organization that advocates on behalf of individuals with disabilities. Each individual plaintiff in this case holds a current, valid, North Carolina driver's license. Each individual plaintiff has various restrictions on their licenses pertaining to the various physical disabilities and medical conditions they have. Plaintiffs allege that the North Carolina Division of Motor Vehicles ("DMV") requires plaintiffs to undergo repeated medical reviews in spite of medical evidence that these reviews are unnecessary, the DMV requires plaintiffs to take road tests when others are not required to do so and when there is no objective basis for doing so, the DMV imposes restrictions of plaintiffs' licenses that are unsupported by medical evidence, and that the DMV frequently acts outside of its statutory authority in taking these actions and violates federal laws requiring that purported "safety" measures must be "necessary . . . [and] based on actual risks, not on mere speculation, stereotypes, or generalizations about individuals with disabilities." 28 C.F.R. § 35.130(h).

On October 13, 2014, two of the named plaintiffs filed a motion for a temporary restraining order and preliminary injunction regarding two specific actions taken by the state against them as individuals. On August 15, 2014, the DMV ordered plaintiff Natasha Wright to appear for a hearing on October 21, 2014, to determine whether she was competent to operate a motor vehicle. Ms. Wright's driver's license does not expire until 2016. In February 2014, the DMV required Ms. Wright to undergo a road test, which she successfully completed. In May 2014, Ms. Wright provided documentation from her neurologist that she is fully able to operate a motor vehicle.

On September 20, 2014, the DMV ordered plaintiff Pamela Dickens to obtain and provide the results of a medical evaluation by October 20, 2014, or her license would be cancelled. Ms. Dickens' driver's license does not expire until 2018. In January 2011 and June,

2

2012, Ms. Dickens provided the DMV with copies of medical evaluations from her physician indicating there was no need for continued medical review by the DMV because her condition was stable and non-degenerative.

On October 16, 2014, this Court granted the motion and entered a temporary restraining order and set a hearing for the preliminary injunction motion for October 29, 2014. [DE 39]. Following the hearing, the Court ordered further briefing on the preliminary injunction. The matter is now fully briefed.

## DISCUSSION

I. PRELIMINARY INJUNCTION

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (quotation and citation omitted). A movant must make a clear showing of each of four elements before a preliminary injunction may issue: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiffs have demonstrated that they are entitled to a preliminary injunction in this instance. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability . . . be subject to discrimination by any such [public] entity." 42 U.S.C. § 12132. Public entities may not "administer a licensing or certification program in a manner that subjects qualified individuals with disabilities to discrimination on the basis of disability . . . ." 28 C.F.R. § 35.130(b)(6). Measures undertaken by public entities to ensure safety in programs they administer must be "necessary . . . [and] based on actual risks, not on mere speculation, stereotypes, or generalizations about individuals with disabilities." 28 C.F.R. § 35.130(h).

3

Moreover, public entities must bear the cost of making programs accessible and of any measures necessary to ensure equal access. 28 C.F.R. § 35.130(f). Section 504 of the Rehabilitation Act likewise provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). Plaintiffs allege, *inter alia*, that the DMV engaged in unlawful disability-based discrimination by repeatedly forcing plaintiffs to demonstrate their ability to operate a motor vehicle despite proper licensing and medical documentation that plaintiffs are competent drivers.

At this juncture, plaintiffs present a strong case that defendants' actions violate, at minimum, the ADA and Rehabilitation Act. Defendants are public entities and receive federal funds. Plaintiffs are qualified individuals with respect to defendants' licensing program. Plaintiffs' evidence demonstrates that it is more likely than not that the adverse action at issue in this case was the product of discrimination. Requiring plaintiffs to report on non-degenerative conditions is discriminatory because, as plaintiffs point out, the reporting requirements are not based on actuarial risk, but instead are based upon the existence of a disability. Accordingly, plaintiffs have demonstrated that they are likely to succeed on the merits with respect to their ADA and Rehabilitation Act claims.

The deprivation of a constitutional right, even if only briefly, constitutes irreparable harm. *Dean v. Leake*, 550 F.Supp.2d 594, 602 (E.D.N.C. 2008) (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). When the harm alleged by a plaintiff is the deprivation of a constitutional right, the likelihood of success on the merits is so "inseparably linked" to the proving of an actual harm that the court may proceed directly to consider the merits of plaintiff's action.

*Giovanni Carandola, Ltd. v. Bason,* 303 F.3d 507, 511 (4th Cir. 2002). Plaintiffs have alleged violations of the North Carolina constitution, as well as claims under the ADA and Rehabilitation Act, which implicate the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution. As plaintiffs allege constitutional harms and have established their likelihood of success on the merits, they have likewise established the existence of irreparable harm based on the infringements of their constitutional rights.

In contrast, the harm to defendants if an injunction is granted is virtually nonexistent. Compliance with the law is not a cognizable hardship on a defendant. *Id.* at 521 ("[A] state is in no way harmed by issuance of a preliminary injunction which prevents the state from enforcing restrictions likely to be found unconstitutional. If anything, the system is improved by such an injunction."). Moreover, with an injunction, defendants will not incur any costs associated with holding the hearings, thus an injunction presents an overall cost savings per year. Last, any safety concerns are speculative at best—plaintiffs have provided medical documentation that they are currently capable of safely operating a motor vehicle. The balance of equities therefore tips in plaintiffs' favor.

Finally, the public interest clearly weighs in favor of any injunction in this case. First, the public interest lies with upholding the law and having the mandates of the ADA and Rehabilitation Act enforced. As plaintiffs have shown a likelihood of success on the merits, the public interest lies with preserving the funding and prohibiting what appears to be a violation of the law. Second, as discussed above, the information presently before the Court suggests that maintaining the status quo will cost less than the alternatives presented by defendant. As the funding originates from tax dollars, the public interest clearly lies with maintaining the setting

that not only fulfills the important goals of the ADA but does so by spending less of the public's tax dollars.

Accordingly, plaintiffs have established all four elements showing that they are entitled to the extraordinary remedy of a preliminary injunction. Defendants are hereby PRELIMINARILY ENJOINED from:

    a. Requiring plaintiff Wright to appear for a hearing regarding her competency to drive.

    b. Requiring plaintiff Dickens to supply another medical certification of her ability to drive.

Defendants are CAUTIONED that any violation of this preliminary injunction order shall be punishable by contempt. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 833 (1994).

    II.    MOTION TO SEAL

Defendants move to seal their amended memorandum in opposition to plaintiff's motion for preliminary injunction [DE 57] because it contains confidential medical information. Plaintiffs do not oppose. For good cause shown, defendants' motion is GRANTED and defendants' amended memorandum in opposition shall be filed under SEAL of this Court.

### CONCLUSION

For the foregoing reasons, plaintiffs' motion for preliminary injunction is GRANTED. Defendants' motion to seal their amended memorandum in opposition is also GRANTED.

SO ORDERED, this the 23 day of December, 2014.

                                                TERRENCE W. BOYLE
                                                UNITED STATES DISTRICT JUDGE