IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-85-BO

| | | |
|---|---|---|
| NATASHA WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| KELLY J. THOMAS, in his official capacity as | ) | |
| the Commissioner of Motor Vehicles, North | ) | |
| Carolina Department of Transportation, Division | ) | |
| of Motor Vehicles, and NICHOLAS J. | ) | |
| TENNYSON, in his official capacity as the | ) | |
| Secretary of Transportation, North Carolina | ) | |
| Department of Transportation, | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on defendants' motion to compel discovery and to deem requests for admissions admitted. [DE 87]. Plaintiff, now proceeding in this action *pro se*, has not responded to the motion. For the reasons discussed below, the Court defers its ruling in part and grants the motion in part at this time.

## BACKGROUND

Plaintiff and several other co-plaintiffs filed this action through counsel bringing claims under the Americans with Disabilities Act (ADA), the Rehabilitation Act (RA), and the North Carolina Constitution. [DE 2]. Before the close of the discovery period, counsel for plaintiff Natasha Wright (hereinafter "plaintiff Wright") was permitted to withdraw. [DE 80, 82]. Soon thereafter, all plaintiffs except plaintiff Wright settled with defendants and the parties entered a consent judgment. [DE 84].

According to the instant motion, which went unchallenged by plaintiff Wright, plaintiff Wright was served, through counsel, defendants' first set of interrogatories, first request for

production of documents, and first request for admissions on August 21, 2015. [DE 88-1]. The discovery deadline in the case was eventually extended until June 16, 2016. [DE 80]. On June 3, 2016, following the withdrawal of plaintiff Wright's counsel, counsel for defendants sent plaintiff Wright a copy of the August 2015 discovery requests and notified plaintiff that she was under obligation to respond to these requests. [DE 88-2, 88-3]. Plaintiff Wright did not respond and did not comply.

On June 21, 2016, counsel for defendants sent plaintiff Wright a letter again seeking discovery responses. [DE 88-2, 88-4]. Counsel for defendants notified plaintiff Wright that the discovery deadline had passed but that she was still responsible for responding to discovery requests. [DE 88-4]. Counsel for defendants also warned that inaction would lead to a motion to compel. *Id.* Once again, however, plaintiff Wright did not respond and did not comply.

The instant motion to compel discovery and deem requests for admission admitted followed.

## DISCUSSION

Federal Rule of Civil Procedure 36 concerns requests for admission and states: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn" Fed. R. Civ. P. 36(b).

Federal Rule of Civil Procedure 37 permits a party seeking discovery to move for an order compelling a discovery response where the nonmoving party fails to, *inter alia*, answer an interrogatory or produce documents. Fed. R. Civ. P. 37(a)(3)(B). If the motion is granted and the nonmoving party does not comply, "Rule 37 permits a court to impose sanctions, including

2

dismissal of a case with prejudice, if a party fails to comply with a discovery order." *See Riggins v. Steel Techs.*, 48 Fed. App'x 460, 462 (4th Cir. 2002)(unpublished).

Prior to entry of a sanction as drastic as dismissal of an action, the court must consider first whether there has been bad faith on the part of the non-complying party; second the amount of prejudice the non-compliance has caused the other party; third the need for deterrence of this sort of non-compliance; and fourth whether less drastic sanctions would be effective. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

Here, plaintiff Wright has failed to comply with the Court's scheduling orders and, according to counsel for defendants, has been non-responsive to their efforts to communicate since counsel was permitted to withdraw. By not participating in discovery, plaintiff Wright has indeed deprived defendants of their opportunity to defend themselves against plaintiff Wright's claims and participate meaningfully in this action. The Court finds that plaintiff Wright's behavior and non-compliance amount to bad faith, result in prejudice against defendant, and require deterrence. In light of plaintiff Wright's non-obedience, the Court is unconvinced that a sanction less drastic than dismissal would be appropriate.

In addition to consideration of the factors above, however, a court must provide a party subject to sanction with a clear and express warning that failure to satisfy certain conditions or abide by the court's order will result in dismissal of the action with prejudice. *See, e.g., Pontoon v. Natl. R.R. Passenger Corp.*, 194 F.R.D. 521, 524 (M.D.N.C. 1999).

Given plaintiff Wright's *pro se* status and relatively recent withdrawal of counsel, and in an abundance of caution, the Court presently defers its ruling on the pending motion to deem requests for admissions admitted. Plaintiff is notified and warned, however, that failure to respond to this order with an explanation of her failure to respond to requests for admission and her intent to continue to prosecute this case or to make the appropriate responses

3

to defendant's requests for admission and file proof of the same with the Court will result in the requests for admission being deemed admitted.

The Court grants defendants' motion to compel discovery, compels plaintiff to participate fully in discovery by producing responses to defendants' interrogatories and requests for production, and hereby notifies and warns plaintiff that failure to either respond to this order with an explanation of her failure to respond to discovery requests and her intent to continue to prosecute this case or to make the appropriate responses to defendant's discovery requests and file proof of the same with the Court will result in dismissal of her action with prejudice.

## CONCLUSION

As discussed above, ruling on defendants' motion to deem requests for admission admitted is presently DEFERRED, and defendant's motion to compel discovery is GRANTED. [DE 87]. Plaintiff is ORDERED to either respond to this order or respond to defendant's requests and file proof of the same not later than 5:00 PM on August 31, 2016. Failure to do so SHALL result in the defendants' requests for admission being deemed admitted and dismissal of this action with prejudice.

SO ORDERED, this 23 day of August, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4